JOHN C. SPENCE *et als.*, Plaintiffs in Error, *v.* CROCKETT AND RANSOM.

1. BILLS AND NOTES. *Certificate of protest. Recitals in only raise a presumption.* The statements made by a notary raise only a presumption. They are *prima facie* true, but they are open to rebuttal. Being but *prima facie* evidence, it may be overturned by any legal testimony that will satisfy the tribunal having cognizance of the question in dispute that the recitals of the instrument of protest are in fact untrue.

2. SAME. *Same.* Where the Circuit Judge instructed the jury that "it will require the testimony of one credible witness and corroborating

Spence *v.* Crockett & Ransom.

circumstances, or two credible witnesses to rebut the certificate of a notary public." Held, that this was error. The recitals of the certificate are but recitals of matters of fact, and of the judgment the notary has formed as to matters where there may be room for difference of opinion.

### FROM RUTHERFORD.

Appeal from the Circuit Court. WM. H. WILLIAMSON, J.

WM. LEDBETTER, READY, EWING and DARRAGH for plaintiff.

HANCOCK and BURTON for defendants.

BAILEY, Sp. J., delivered the opinion of the court.

This was an action brought in the Circuit Court for Rutherford county by Crockett & Ransom against the plaintiffs in error, upon a bill of exchange for $10,000, drawn by John C. Spence at Murfreesboro,. Tenn., upon, and accepted by, W. J. Spence & Co. at Charleston, South Carolina, payable to Wm. Spence,. and by him and the other defendants endorsed to Crockett & Ransom. At the maturity of the bill it ᴚ was placed in the hands of a notary public at Charleston, who protested it for non-payment, certifying in the protest that he presented it for payment at the office of the acceptors, and, finding no one therein,. left addressed to them a notice demanding payment, and that he had notified the drawer and endorsers of the protest by letters addressed to them at their respective places of abode, which were deposited in the postoffice at Charleston.

37—VOL. 5.

The defendants have introduced testimony tending to establish that the firm of W. J. Spence & Co., the acceptors, was composed of W. J. Spence and Wm. Spence, the latter the payee and first endorser of the bill; that the business of the firm was to sell goods and produce on commission; that it had no place of business at Charleston, transacting its affairs on the streets, and by this testimony sought to contradict the statement made by the notary in the protest, that the bill had been presented at the "office of the acceptors." To these points the depositions of W. J. Spence and Wm. Spence were read; but the first named witness also stated in his testimony that the office fixtures of the firm were kept at the warerooms of one Stenhouse, and Wm. Spence states that the books of the firm were kept at the same place.

Under the instructions of the Circuit Judge, the jury found a verdict for the plaintiffs. A motion for a new trial was overruled by the court, and the cause is brought here for error.

The chief ground relied upon for reversal is an instruction given by the Circuit Judge, in the following language: "As to the weight of testimony necessary to rebut the certificate of a notary public in case of protest of a foreign bill of exchange, I will lay down the following rule: It will require the testimony of one credible witness and corroborating circumstances, or two credible witnesses, to rebut the certificate of a notary public."

In the case of a foreign bill protested in a country other than that in which the suit is brought, full

faith and credit are given to the instrument of protest, and the original or a duly certified copy are admissible evidence of the acts therein stated, so far as these acts are within the scope of a notary's official duty. But, although the protests of a notary public are admitted in evidence, and this evidence is entitled to much weight, we know of no rule that gave to the notarial act the high character accorded to it by his Honor the Circuit Judge.

Its recitals are but recitals of matters of fact,—of the acts done by the officer, and of the judgment he has formed as to matters where there may be room for difference of opinion, as in the case before the court, where the notary certifies that he presented the bill for payment at the office of the acceptors, when it is alleged by those whose rights are to be affected by the act that the acceptors had no office or other place of business.

All the authorities agree that statements made by the notary raise but a presumption, or that they are *prima facie* true, or that they are open to rebutter.

Now, being but *prima facie* evidence, it may be overturned by any legal testimony that will satisfy the tribunal having cognizance of the question in dispute that the recitations are in fact untrue.

In the determination of the matter of fact, the tribunal trying the case will of course have regard to the considerations which have been so ably and eloquently urged upon us here. It will look to the official and disinterested character of the officer, the relations of the other witnesses to the matter in con-

troversy, the interest, whether pecuniary or social, they may have in the result, and to any other fact or circumstance which materially would affect either the accuracy of these statements or throw doubt upon the distinctness of their recollection. The fact that in the administration of justice a jury may be called upon to decide these questions of fact, cannot change the rules of law and evidence. Juries constitute a most important part of our judicial system, and are required every day to pass upon the most important and sometimes the most complicated facts; and, under proper instructions from the judge presiding at the trial, are competent to decide upon a case like the one now under consideration. Nor do we think, as has been argued by counsel, that there was *no* evidence before the jury tending to prove that the recitals in the notary's certificate were untrue, and therefore that the instruction complained of was a statement of a mere abstract proposition, and could not have affected the opinion of the jury.

We do not think proper to do more than dissent from the argument, and will not discuss the question of fact.

We are constrained to reverse the judgment as to all the defendants except William Spence. Although he stands in the relation of endorser, still he is one of the acceptors of the bill, and, in view of the facts disclosed in the record, cannot complain of the error for which the judgment is reversed.